```
 1
 2
 3
 4
 5
 6
 7
 8
 9
```

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| G. RAY KERCIU, individually, and on behalf of a class of similarly situated individuals,<br><br>　　　　　Plaintiffs,<br><br>　　　v.<br><br>MERCEDES-BENZ USA, LLC,<br><br>　　　　　Defendant. | NO. CV 11-03472 SJO (SSx)<br><br>**MEMORANDUM AND ORDER RE: PARTIES'**<br>**STIPULATED PROTECTIVE ORDER** |

The Court has received and considered the parties' "Joint Stipulation Regarding Confidential Material" (the "Protective Order"). The Court is unable to adopt the Protective Order as stipulated to by the parties for the following reasons:

First, a protective order must be narrowly tailored and cannot be overbroad. Therefore, the documents, information, items or materials that are subject to the protective order shall be described in a meaningful and specific fashion (for example, "personnel records," "medical records," or "financial information," etc.). The current language used to describe the protected documents is overbroad.

1  (Protective Order at 2, ¶ 1). The parties may submit a revised
2  stipulated protective order, but must correct this deficiency.
3
4      Second, the Court will not agree to the procedure the parties
5  propose to resolve a violation of the protective order. (Protective
6  Order at 5, ¶ 11). The parties propose that "[t]he improper use of
7  confidential material may be punishable by contempt of Court in addition
8  to any other remedies available to a party." (<u>Id.</u>). The Court will
9  review violations brought to the Court's attention and fashion the
10 appropriate remedy under the circumstances. The Court will not agree
11 to specific remedies prior to any violation.
12
13     Third, the Court will not agree to the procedures the parties
14 propose for the resolution of challenges to designations. (Protective
15 Order at 6, ¶ 12). Before seeking court intervention in any discovery
16 matter, the parties must strictly comply with the Central District's
17 Local Rule 37. Both parties must timely file a written joint
18 stipulation containing all issues in dispute. C.D. Cal. R. 37-2, 37-
19 2.1. The form and preparation of this stipulation are expressly laid
20 out in Local Rules 37-2.1 and 37-2.2. C.D. Cal. R. 37-2.1, 37-2.2. The
21 Court will not consider the dispute unless the stipulation or a
22 declaration from the moving party describing how the opposing party
23 failed to cooperate in formulating the stipulation is timely filed. <u>See</u>
24 C.D. Cal. R. 37-2.4.
25 \\
26 \\
27 \\
28 \\

1  Fourth, the Protective Order does not establish the requisite good
2 cause. Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir., as
3 amended 2010) ("The relevant standard [for the entry of a protective
4 order] is whether good cause exists to protect the information from
5 being disclosed to the public by balancing the needs for discovery
6 against the need for confidentiality." (internal quotation marks and
7 alteration omitted)); Foltz v. State Farm Mut. Auto Ins. Co., 331 F.3d
8 1122, 1130 (9th Cir. 2003) (court's protective order analysis requires
9 examination of good cause (citing Phillips v. Gen. Motors Corp., 307
10 F.3d 1206, 1210-11, 1212 (9th Cir. 2002)).
11
12  The Court may only enter a protective order upon a showing of good
13 cause. Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1176
14 (9th Cir. 2006) (stipulating to protective order insufficient to make
15 particularized showing of good cause, as required by Rule 26(c));
16 Phillips, 307 F.3d at 1210-11 (Rule 26(c) requires a showing of good
17 cause for a protective order); Makar-Wellbon v. Sony Electrics, Inc.,
18 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders
19 require good cause showing).
20
21  In any revised stipulated protective order submitted to the Court,
22 the parties must include a statement demonstrating good cause for entry
23 of a protective order pertaining to the documents or information
24 described in the order.  The documents to be protected shall be
25 specifically described and identified.  The paragraph containing the
26 statement of good cause should be preceded by the phrase: "GOOD CAUSE
27 STATEMENT."  The parties shall articulate, for each document or category
28

1 of documents they seek to protect, the specific prejudice or harm that
2 will result if no protective order is entered.  <u>Foltz</u>, 331 F.3d at 1130.
3
4      Fifth, the Court reminds the parties that all future discovery
5 documents filed with the Court shall include the following in the
6 caption: "[Discovery Document: Referred to Magistrate Judge Suzanne H.
7 Segal]."
8
9      Finally, the Court notes that its website contains additional
10 guidance regarding protective orders.  This information is available in
11 Judge Segal's section of the link marked "Judges Procedures &
12 Schedules." (<u>See</u> http://www.cacd.uscourts.gov/CACD/JudgeReq.nsf/2fb08
13 0863c88ab47882567c9007fa070/0141b1bcd8ee7f8488256bbb00542959?OpenDocu
14 ment).
15
16      IT IS SO ORDERED.
17 DATED: September 12, 2011                    /S/
                                        _____
18                                      SUZANNE H. SEGAL
                                        UNITED STATES MAGISTRATE JUDGE
19
20
21
22
23
24
25
26
27
28